## NEHEMIAH FIELD v. ISAAC TURNER.

Court of Common Pleas.   Sussex.   May 3, 1797.

*Wilson's Red Book, 170.*

* This case is also reported in *Bayard's Notebook, 190.*

*Ridgely* and *Miller* for plaintiff. *Bayard* and *Wilson* for defendant.

Plaintiff showed a deed, November 6, 1780, Levin Derickson to Margaret Kollock, £173, for this lot, among others, reciting a sale to Henry Fisher, by him to Mary Field (wife of plaintiff then and still), and from her to Margaret Kollock. And articles of agreement, June 29, 1780, binding Margaret Kollock to convey to Mrs. Field the said lands upon her payment in wrought plate her debt due Margaret Kollock. This debt was not ascertained nor proved to have been paid. Also a deed, May 5, 1785, Margaret Kollock to defendant for the said lot for £40 to her in hand paid, etc.

Plaintiff called Phillips Kollock to prove the contract stated in the *narratio,* objected to by defendant's counsel, and the court required the objection to be written.

Plaintiff's counsel stated their evidence in these words in writing: "It is intended by plaintiff to prove by Phillips Kollock the agreement between Nehemiah Field and Isaac Turner as laid in the declaration; and that, in part execution of the said contract, the defendant paid half the consideration money and was put in possession of the lot upon which he built his dwelling house and has occupied it ever since."

Defendant's counsel stated their objection thus: "Defendant objects to parol evidence to prove the agreement stated in the *narratio.* He does not object to the testimony of the witness to prove the possession of the lot by defendant and the improvements made by defendant on the lot, though he objects to parol proof to connect these facts with an agreement for the purchase of the lot without the contract as to the purchase being first established by competent evidence."

*Wilson.* To charge any person for the consideration upon a sale of lands, that evidence must be in writing, 1 Body Laws 347. If the plaintiff had a title in equity, the Act embraces his case as well as if he had had the legal title, the words being "any interest in or concerning them." The Supreme Court in the case of *Horsey's Executors v. Moore* said that a party's book with his oath would neither be evidence to charge nor discharge a consideration for lands. Defendant is bound to pay the consideration for this very lot to Margaret Kollock's estate if he cannot show himself discharged, and he might thus be twice charged. The specification in the *narratio* can have no effect towards the ad-

mission of this evidence, for then every part of that Act of Assembly might be easily eluded.

*Ridgely.* An acknowledgment of the contract or payment of money is an exception to the rule concerning parol evidence. When part of the agreement is in evidence, parol evidence is admissible to explain it, 1 Pow.Con. 291. Possession is such evidence of an agreement that it will take it out of the Statute, *idem* 299, 301. An agreement partly performed is not within the Statute as to parol evidence, *idem* 308.

*Miller.* Though an agreement be by parol for lands, if part of the money be paid, equity will compel a conveyance of the lands—so if the contract be proved by letters signed by the party. Plaintiff can prove defendant in possession and is therefore entitled to prove the contract by parol evidence, [1] Esp.N.P. 103, 104. Parol proof of the payment of the money as in part execution of a parol agreement allowed, though not on the principle of a confession in an answer. 3 Atk. 1, 3, 4, (what is and what is not a compliance, *vide* 1 Atk. 13). The construction of the Statute of Frauds is the same in courts of law and equity, 1 Atk. 15.

*Bayard.* The plaintiff has shown a deed that evidences a contract by us for the lands with a third person. There is nothing that shows that plaintiff by payment of his debt to Margaret Kollock obtained even an equitable title to the lands. This parol evidence would contradict the written evidence produced in this cause. The possession, when proved, is under M. Kollock's deed and is not to be presumed under a parol contract. All the cases cited for plaintiff have been in chancery and most of them founded upon a confession of the fact in an answer. In those cases the proof of possession implied the consent or contract of the former owner, but in this case the proof of defendant's possession is proof of defendant's title in reference to his deed. Where the defendant disputes the possession of the land or payment of the money and alleges or proves it to have been on another contract, it lays the burden of the proof of the agreement on the plaintiff, which he must do by written evidence, 1 Bac.Abr. 74.

BASSETT, C. J. I think the receipt in a deed, of consideration is not binding upon the grantor, somewhere in Term. (I suppose 3 Term 475.)

PER CURIAM. BASSETT, C. J., after some deliberation. A majority of the court are of opinion that the plaintiff cannot give this evidence. As the difference arises on my part I shall give my opinion. I think the Act of Assembly does not prohibit the giving any evidence relative to lands that is to be performed

in one year.  This contract was to have been performed imme-
·diately and so within the year.  I ground my opinion upon the
case in 3 Burr. 1281.  (!!! *vide* the words of the Act and the Stat-
ute and 1 Pow.Con. 276, 1 Vern. 159.) [1]  My brethren are not of
my opinion and therefore the evidence cannot be given.  No
matter what the subject of the Act of Assembly is I think it re-
lates to a performance within a year.

Bill of exceptions was taken by plaintiffs.  CHIEF JUSTICE
BASSETT refused to sign it because he thought with plaintiff, and
it was held by the Court and Bar not necessary that he should,
the seals of a majority of the judges being sufficient.

Verdict taken for defendant without opposition.

[Then follows, *Wilson's Red Book, 173,* the above-mentioned
bill of exceptions.]

> Action of assumpsit.  *Narratio,* pleas, and issues.
>
> And now, to wit, in the trial of this cause the plaintiff by
> his counsel produced in evidence a deed poll from Levin Der-
> ickson, Commissioner, and so forth, to Margaret Kollock,
> dated November 6, 1780, conveying to the said Margaret
> Kollock three several lots in the town of Lewis in considera-
> tion of £173, *prout* the said deed.  Also a certain instrument
> in writing under the hand and seal of Margaret Kollock de-
> claring certain uses concerning the said several lots, dated
> 29 of June, 1780.  Also a certain indenture between Mar-
> garet Kollock of the one and Isaac Turner of the other part,
> bearing date 6th of May, 1785, *prout* the said written in-
> strument and indenture, and thereupon the said plaintiff by
> his said counsel offered to prove by Phillips Kollock, Esq.,
> the agreement between Nehemiah Field and Isaac Turner as
> stated in the *narratio* and that in part execution of the said
> agreement, the defendant paid half the consideration money
> to the said Nehemiah Field and was put immediately in pos-
> session of the lot or parcel of ground in the *narratio* men-
> tioned, upon which the defendant built a dwelling house
> which he has occupied ever since.  Whereupon it was ob-
> jected by the counsel for the defendant that the said evi-
> dence was incompetent to prove the agreement between the
> plaintiff and defendant relative to the sale of the lot or par-
> cel of ground in the *narratio* mentioned, and therefore that
> the testimony of the said Phillips Kollock ought not to be
> admitted for that purpose, and it was then insisted by the
> counsel for the said plaintiff that the said objection was
> not sufficient in the law to exclude the said witness in man-

---

[1] Wilson's punctuation.

ner as contended by the defendant's counsel, and thereupon the opinion of the Court in the premises was prayed, and the said Court did upon advice order and adjudge in and upon the said premises, that the testimony of the said Phillips Kollock should not be admitted to which opinion of the court the plaintiff by his counsel doth except, and prays the benefit of this exception, according to the provision of the Statute in such case made and provided, and that the said Justices would to this his exception affix their hands and seals etc.

(Seal)<br>
KENSEY JOHNS    (Seal)<br>
DANIEL RODNEY    (Seal)